IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARLEY DAVIDSON CLAY,

Plaintiff(s),

v.

DR. WARREN ROBERTS,

Defendant(s).

No. 3:25-cv-00857-HZ

OPINION & ORDER

Harley Davidson Clay
SID # 13046475
Oregon State Correctional Institution
3405 Deer Park Drive S.E.
Salem, OR 97310-9385

Plaintiff, *Pro Se*

Jeanne F. Loftis
Victoria K. Baker
Baker Sterchi Cowden & Rice LLC
2100 Westlake Ave., N.
Suite 206
Seattle, WA 98109

Attorneys for Defendant

HERNÁNDEZ, Senior District Judge:

This matter is before the Court on Defendant's Motion to Dismiss Second Amended Complaint, ECF 40. For the following reasons Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Harley Davidson Clay is an adult in custody ("AIC") at Oregon State Correctional Institution ("OSCI"). On November 21, 2022 he was injured while "working as an inmate work assignment at Snake River Correctional Institution ("SRCI"). Second Am. Compl., at 5, ECF 37.

On May 19, 2025, Plaintiff filed a *pro se* Complaint against Joshua Highburger, Dr. Moriam Balogun, the TLC Committee, and Jeremy Wagner pursuant to 42 U.S.C. § 1983 alleging they violated Plaintiff's Eighth and Fourteenth Amendment rights when they were deliberately indifferent to his medical needs. On August 5, 2025, the Court dismissed Plaintiff's Complaint for failure to allege how each named defendant personally participated in the deprivations Plaintiff described. The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies set out in the Order.

On September 29, 2025, Plaintiff filed a First Amended Complaint ("FAC") against the Oregon Department of Corrections ("ODOC") and Dr. Warren Roberts pursuant to 42 U.S.C. § 1983 alleging they violated his right to "care and compassion" when they refused hernia surgery. On the complaint form Plaintiff answered "yes" to the statement "I have filed for administrative relief as to all claims . . . and have concluded all administrative appeals available to me." FAC at 5, ECF 10.

On March 18, 2026, the Court granted ODOC's Motion to Dismiss on the basis of Eleventh Amendment immunity. The Court also noted Plaintiff had not adequately served Dr. Roberts and granted Plaintiff leave to do so within 30 days.

On May 13, 2026, the Court granted Plaintiff's request to file a second amended complaint. On July 6, 2026, Plaintiff filed a Second Amended Complaint ("SAC") against Dr. Warren Roberts pursuant to 42 U.S.C. § 1983 alleging he violated Plaintiff's Eighth and Fourteenth Amendment rights when he "knowingly and repeatedly denied treatment up to and including surgery on [Plaintiff's] umbilical hernia." SAC at 5, ECF 37. In the SAC Plaintiff concedes that the correctional facility "where [his] claim arose ha[s] a grievance procedure." *Id.* at 7. Plaintiff states, however, that he did not file a grievance at SRCI because he "had no knowledge of the procedure." *Id.* at 8. Plaintiff did file a grievance at OSCI when he was advised to do so. Plaintiff did not, however, appeal the grievance.

Defendant moves to dismiss this matter on the grounds that Plaintiff has not exhausted his administrative remedies or, in the alternative, to dismiss Plaintiff's claim for violation of the Fourteenth Amendment because he has not stated a claim.

**STANDARDS**

"[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (citations omitted), *overruled on other grounds by Perttu v. Richards*, 605 U.S. 460 (2025).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in

the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe *pro se* pleadings. *Weldeyohannes v. Wash.*, 162 F.4th 972, 976 (9th Cir. 2025) (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). Additionally, a court cannot dismiss a *pro se* complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendant asserts Plaintiff failed to exhaust his administrative remedies because he did not file a grievance within the time required by ODOC's grievance procedures nor did he complete the grievance procedure.

### I. Standards

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA "mandates that an inmate exhaust . . . administrative remedies . . . before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quotation omitted). "The prison's procedures govern whether a grievance contains the appropriate information to exhaust a claim." *Singleton v. Kernan*, 851 F. App'x 737, 738 (9th Cir. 2021) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (same). Courts "may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639. Moreover, AICs are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Booth*, 532 U.S. at 739-41. Accordingly, the Ninth Circuit has held "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint." *Brown v.*

*Valoff*, 422 F.3d 926, 934 (9th Cir. 2005) (emphasis in original). Even if the relief the AIC could receive is nothing more than "'corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate,'" it is sufficient relief for an inmate to continue with the administrative process. *Id.* at 936 (quoting *Porter*, 534 U.S. at 525).

## II. ODOC Grievance Procedure

Oregon Administrative Rules provide that when AICs cannot resolve a dispute informally, they may file a formal grievance. OAR 291-109-0100(3)(a)-(b). "Grievances must be received by the institution grievance coordinator or designee within 14 calendar days from the date of the incident or issue being grieved, unless the AIC can satisfactorily demonstrate why the grievance could not be timely filed." OAR 291-109-0205(1).

After a grievance is accepted, staff provides a response to the AIC within 35 days, "unless further review is necessary[.]" OAR 291-109-0205(2). If the AIC is dissatisfied with the response to the submitted grievance, the AIC may appeal the denial in a two-level system of review. The first-level appeal "must be received by the institution grievance coordinator or designee within 14 calendar days from the date the initial grievance response was sent to the AIC unless the AIC can satisfactorily demonstrate why the [first-level] appeal could not be timely filed." OAR 291-109-0205(3). A response to the first-level appeal is sent to the AIC within 35 calendar days, "unless further review is necessary[.]" OAR 291-109-0205(4). If an AIC is dissatisfied with the response to the first-level grievance appeal, the AIC may submit a second-level appeal "within 14 calendar days from the date the [first-level] appeal response was sent to the AIC unless the AIC can satisfactorily demonstrate why the [second-level] appeal could not be timely filed." OAR 291-109-0205(5).

## III. Analysis

Plaintiff alleges that he suffered an umbilical hernia on November 21, 2022, while working at his inmate work assignment at SRCI. Plaintiff states he was "diagnosed with an umbilical hernia almost immediately, and follow-up tests confirmed the diagnosis. The required treatment . . . was surgery." SAC at 6. Dr. Roberts "knowingly and repeatedly denied treatment up to and including surgery" for the hernia. SAC at 5. According to Plaintiff, Dr. Roberts "repeatedly refused to approve the surgery himself" and as a member of the Therapeutic Level of Care committee.[1] *Id.* Plaintiff stated in his initial Complaint that he filed a grievance for the first time when he "got shipped to O.S.C.I. and Ms. Davenport told [him] to fill out" the form, which Plaintiff did on September 4, 2024. Compl. at 6. Plaintiff asserts in his SAC that he did not file a grievance before he went to OSCI because he "was not given counsel to advise [him] to do so." SAC at 8. In response to the question on the complaint form "what steps, if any, did you take to appeal [the denial]," Plaintiff does not state that he filed any appeal or completed the grievance procedure.

Defendant moves to dismiss this matter on the basis that Plaintiff has not shown that he exhausted his administrative remedies because Plaintiff has not established that he completed the grievance procedure. In response to Defendant's Motion Plaintiff does not allege that he completed the grievance procedure, rather he argues that Defendant did not assert failure to exhaust administrative remedies in its Motion to Dismiss Plaintiff's FAC and, therefore, he should not be allowed to do so now. In Plaintiff's FAC he asserted claims against Dr. Roberts for the first time. In the FAC Plaintiff answered "yes" to the statement "I have filed for administrative relief as to all claims . . . and have concluded all administrative appeals available

---

[1] Plaintiff stated in his Complaint that he received the hernia surgery on November 27, 2024.

to me." FAC at 5, ECF 10. Defendant, therefore, could not have moved to dismiss the FAC for failure to exhaust administrative remedies pursuant to Rule 12(b)(6) because "a failure to exhaust [was not] clear from the face of the complaint." *Albino*, 747 F.3d 1169. Accordingly, Dr. Roberts is not barred from moving to dismiss the SAC for failure to exhaust on the basis that he did not raise exhaustion in the Motion to Dismiss the FAC.

Plaintiff does not allege that he completed the grievance procedure nor are there facts from which the Court can infer that he did so. The Court, therefore, concludes Plaintiff fails to establish that he exhausted his administrative remedies. Accordingly, the Court grants Defendant's Motion to Dismiss.

## IV. Dismissal with Prejudice

Typically courts dismiss actions for failure to exhaust without prejudice. Plaintiff, however, failed to timely exhaust his administrative remedies and he cannot do so now. Accordingly, the Court dismisses this matter with prejudice.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss Second Amended Complaint, ECF 40.

IT IS SO ORDERED.

DATED: November 6, 2026.

Marco Hernandez

MARCO A. HERNÁNDEZ
United States Senior District Judge